McMILLIN, P.J.,
for the Court:
¶ 1. This is an appeal from a chancery court contempt proceeding. Trevette Gil-lentine has appealed the chancellor’s refusal to find her former husband, James Gil-lentine, to be in contempt for his wilful failure to abide by the terms of the property settlement agreement incorporated into the parties’ irreconcilable differences divorce judgment. The 1991 agreement, in dealing with a 1990 pickup truck that was being used at the time by the parties’ teenage son, obligated the parties to “cause the title to the 1990 Chevrolet pickup to be changed so that the title will be listed in the name of James R. Gillentine and Trevett C. Gillentine.”
¶ 2. Mrs. Gillentine commenced this proceeding in 1995, alleging that Mr. Gillen-tine had refused to take the necessary steps to change the title to the vehicle in accordance with the agreement.
¶ 3. The chancellor, after conducting an evidentiary hearing on the contempt motion, declined to extend any relief to Mrs. Gillentine, finding that the issue was moot because of the testimony offered by Mrs. Gillentine herself that, in 1994, prior to the time she instituted this proceeding, Mr. Gillentine had endorsed the title and had it delivered to Mrs. Gillentine by the parties’ daughter.
¶4. Mrs. Gillentine offered no explanation as to why she did not expend the minimum effort necessary to have the title reissued in joint names after its delivery to her. Neither did she allege in her petition or offer any evidence at the hearing that she had been damaged by Mr. Gillentine’s failure to more promptly meet his obligation regarding the truck title.
¶ 5. Contempt matters involving an alleged violation of a trial court’s lawful order are committed to sound the discretion of the trial court, and an appellate court may interfere only if it concludes that the trial court manifestly abused that discretion. Cumberland v. Cumberland, 564 So.2d 839, 845 (Miss. 1990). The mov-ant in a civil contempt proceeding has the burden of showing the alleged contemnor’s willful disobedience by a preponderance of the evidence. Hollaway v. Hollaway, 631 So.2d 127, 132 (Miss.1993) (citing Miss. Code Ann. § 11-51-12(4) (Supp.1990)).
¶ 6. In this case, Mr. Gillentine did not obligate himself by the terms of the agreement to take sole responsibility for performing every step necessary to obtain a reissuance of the truck title in the agreed-upon form. Instead, the agreement created a joint obligation on the parties to “cause the title to [the truck] to be changed.... ”
¶ 7. We are satisfied that the chancellor was acting well within the range of discretion given him in such matters when he concluded that Mr. Gillentine’s act of delivering a properly endorsed title to Mrs. Gillentine paved the way for her, with the barest minimum of effort on her own part, to procure a title in the form dictated by the agreement, and that this delivery was enough to defeat a charge that he was in wilful contempt for failing to abide by this particular term of the property settlement agreement. That being the case, there is no reason for this Court to intercede.
¶ 8. THE JUDGMENT OF THE CHANCERY COURT OF THE SECOND JUDICIAL DISTRICT OF CHICKASAW COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED THE APPELLANT.
BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, IRVING, KING, LEE, PAYNE, AND SOUTHWICK, JJ., CONCUR.